IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LUCINDA K. BYRNE          )
          Plaintiff,      )
                          )
     v.                   )Civil Action No. 04-1783
                          )
INDIANA UNIVERSITY OF     )
PENNSYLVANIA and THEO TURNER   )
          Defendants.     )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                          July 22, 2005

          This is an action in sexual harassment and

discrimination.  Plaintiff, Lucinda K. Byrne, was a student at

Indiana University of Pennsylvania at the time of the alleged

events.  She claims that defendant Theo Turner, an employee of

the university, repeatedly subjected her to unwanted touching,

unsolicited requests for dates, and intrusive questions about

her personal life in violation of Title IX and the Pennsylvania

Human Relations Act.  20 U.S.C. §1681, et seq. and 43 Pa. Cons.

Stat. §955, et seq, respectively.  Plaintiff further claims

that defendant Indiana University of Pennsylvania failed to

take appropriate action once notified of Mr. Turner's

harassment of her.  Plaintiff seeks monetary damages, as well

as attorneys' fees.  Defendants have filed a motion to dismiss

[doc. no. 2] arguing that plaintiff has failed to state a claim

upon which relief can be granted.

For the reasons set forth below, the motion will be denied, without prejudice to defendants' right to raise such arguments in a motion under Federal Rule of Civil Procedure 56, after the factual record has been more fully developed.

I.    BACKGROUND

Plaintiff originally met with Mr. Turner to file a complaint against another IUP employee.  It appears that because plaintiff was having some emotional problems, she continued to see Mr. Turner for advice and informal counseling. She alleges that during their meetings Mr. Turner asked her inappropriate questions about her romantic life, touched her unnecessarily, lied about his marital status, asked her out on dates, and attempted to kiss her, among other things. Plaintiff claims that she brought this inappropriate conduct to IUP's attention in October of 2001, but IUP did nothing. Plaintiff further alleges that she filed a written complaint with IUP's Office of Student Affairs in November of 2002, but was informed that no further action would be taken on the matter.  She claims that Mr. Turner's harassment and IUP's failure to act created a hostile environment that negatively affected her equal access to educational opportunities.

2

II.   STANDARD OF REVIEW

When the court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end, or whether recovery appears to be unlikely or even remote. Scheuer v. Rhodes, 416 U.S. 232 (1974).  The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief. Conley v. Gibson, 355 U.S. 41 (1957); Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183 (3d Cir. 2000).  In this regard, the court will not dismiss a claim merely because the factual allegations do not support the particular legal theory advanced.  Rather, the court is under a duty to independently examine the complaint to determine if the factual allegations set forth could provide relief under any viable legal theory.  See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 337 & n. 40 (2d ed. 1990).

It is on this standard that the court has reviewed defendants' motion to dismiss.  Based on the pleadings of record the court is not persuaded "beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." Conley, 355 U.S. at 45-46.

3

III.   DISCUSSION

A.   The November 1, 2002 Letter to IUP President

As an initial matter, defendants contend that this court should consider the content of a letter, dated November 1, 2002, that plaintiff wrote to Lawrence Pettit, IUP's president, in ruling on the motion to dismiss.  Defendants claim that the November 1, 2002 letter contains inconsistencies as to the substance of plaintiff's claim and the timeline of plaintiff's claim.  Defendants argue that the doctrine of judicial estoppel prevents plaintiff from taking inconsistent positions in this litigation.  Plaintiff denies that the November 1, 2002 letter is a writing upon which she based her complaint.  We find that the November 1, 2002 letter does not qualify as an "undisputedly authentic document" on which plaintiff has based her claims.  Therefore, we will not consider it in ruling on the motion to dismiss.

The Court of Appeals for the Third Circuit has held that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.  Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  As the Court of Appeals pointed out, otherwise, a plaintiff with a legally deficient claim could

4

survive a motion to dismiss simply by failing to attach a
dispositive document on which it relied.  <u>Id</u>.

The November 1, 2002 letter does not meet the
qualifications under the applicable legal standard.  Plaintiff
did not base her complaint on a November 1, 2002 letter to
IUP's president.  She does make reference to a November 2002
letter to the Office of Student Affairs in her complaint.
However, the November 1, 2002 letter was addressed to the
president of the University, not the Office of Student Affairs.
We have no way of knowing at this point in the litigation
whether these two letters are the same.  Apart from this
discrepancy, plaintiff does not specifically rely on any letter
as the basis of her complaint.  The November 2002 letter
plaintiff refers to in her complaint, and the November 1, 2002
letter to IUP's president, are merely pieces of the factual
puzzle; they are not the basis of plaintiff's claim.

The above doctrine is applied most commonly when a
plaintiff sues on and/or refers specifically to the terms of a
contract or agreement, yet fails to attach the document to the
complaint.  In such cases, the missing document can be attached
to a defendant's motion to dismiss because plaintiff's claims
are based on the document.  In contrast, in this case,
plaintiff has generally referred to a "November 2002" complaint

5

letter to the Office of Student Affairs.  She does not rely on specific statements made therein, or sue under the terms of that document.

Under the circumstances, we will not consider the contents of the November 1, 2002 letter in ruling on the motion to dismiss.  It follows that we reject defendants' arguments on the issue of judicial estoppel.[1]

B.   Sufficiency of the Complaint - Title IX

   1.   Severe and Pervasive Conduct

Defendants argue that plaintiff has failed to establish a prima facia case under Title IX because the conduct against her was not severe or pervasive.  Defendants claim that plaintiff has alleged only that Mr. Turner touched her shoulders, gave her a hug, and asked her questions about her social life. Plaintiff contends that her complaint adequately states a claim for relief under Title IX.  We agree with plaintiff.

---

[1]   In addition, we note that although defendants claim that they have attached documents proving that plaintiff relied on the November 1, 2002 letter as part of IUP's investigation into her allegations, they have not.  The exhibit attached is not IUP's investigative file, or written findings, but is instead plaintiff's complaint with the Pennsylvania Human Relations Commission, which does not refer to or attach the November 1, 2002 letter.

6

As detailed above, in ruling on a motion to dismiss, we are not seeking to determine whether plaintiff has proven the elements of her case, but only whether plaintiff has stated a claim upon which relief may be granted.  We find that she has. Plaintiff has alleged more conduct than defendants acknowledge. In addition to the hug, shoulder touching and general questions about her social life, plaintiff also alleges that Mr. Turner tried to kiss her, asked her out on dates, touched her, lied about his marital status, and asked her if she had ever been involved in a bi-racial relationship (plaintiff is Caucasian; Mr. Turner is African-American).  Plaintiff describes this conduct as on-going, continuous and pervasive.

We must assume that plaintiff's allegations are true for purposes of ruling on this motion.  Under the applicable standards, we cannot say at this point in the litigation that this course of conduct, if proven true, could not be deemed severe and pervasive under any circumstances.  As such, plaintiff has adequately pled her Title IX claim.[2]

---

[2]     This same analysis applies to defendants' challenge to the factual sufficiency of plaintiff's PHRA claim on the issue of the severity of defendant Turner's conduct.

7

2.   Appropriate Corrective Action

Defendant IUP contends that it is not liable under Title IX because it investigated plaintiff's allegations of harassment once they were reported.  Defendant argues that because plaintiff only disagrees with the result of the investigation, and not that one was conducted, no liability can attach.  Plaintiff explains that her claim against IUP under Title IX is based on its failure to take appropriate action for more than a year, and its insufficient investigation.  We find that plaintiff has adequately pled a cause of action against IUP under Title IX.

Defendant has not accurately characterized plaintiff's complaint.  Plaintiff does not simply disagree with the results of IUP's investigation.  Instead, she claims that defendant failed to conduct an investigation for an unreasonable amount of time, and when it did conduct one, simply asked Mr. Turner whether he harassed plaintiff and, upon his denial, promptly closed the file.  Based on these allegations, plaintiff has adequately pled a cause of action against IUP under Title IX.

8

3.   <u>Effect on Educational Opportunity</u>

Next, defendants claim that plaintiff's Title IX claim must fail because plaintiff has not sufficiently alleged that she was deprived of educational opportunities.  Plaintiff, in turn, claims that she has.  Although plaintiff's complaint is admittedly general on this issue, it does state that plaintiff was deprived of complete access to and use of the Student Affairs Office, and its services.  We cannot judge at this point in the case whether the facts will adequately support these claims.  However, these allegations meet the notice pleading requirements under the Federal Rules of Civil Procedure.

C.   <u>Individual Liability of Mr. Turner - Title IX</u>

Defendant Turner argues that he cannot be liable under Title IX because he is an individual.  Plaintiff asserts that the Court of Appeals for the Third Circuit has allowed individuals to be sued in their official capacity under the analogous Title VII statute.  We deny defendant Turner's motion to dismiss on this basis.

The Court of Appeals has favorably cited an opinion issued by the Court of Appeals for the Seventh Circuit holding that there is no individual liability under Title IX, which, by

9

its terms, applies only to educational institutions.  <u>Emerson</u>
<u>v. Thiel College</u>, 296 F.3d 184, 190 (3d Cir. 2002) (citing
<u>Smith v. Metropolitan School District</u>, 128 F.3d 1014, 1018-19
(7th Cir. 1997)) ; <u>Cureton v. National Collegiate Athletic</u>
<u>Association</u>, 198 F.3d 107, 116-17 (3d Cir. 1999) (citing same).
However, neither of these cases decided the issue of individual
liability under Title IX.  Our research has not revealed any
opinion issued by the Court of Appeals for the Third Circuit in
which it has had occasion to decide the issue of individual
liability under Title IX.  As such, and faced with this limited
factual record, we deny defendant Turner's motion to dismiss on
this basis.

     D.    <u>Statute of Limitations - PHRA Claim</u>[3]

Defendants claim that the PHRA claim against Mr. Turner
must be dismissed on statute of limitations grounds.
Defendants claim that plaintiff has not alleged that any
wrongful conduct occurred within 180 days of March 20, 2003
(<u>i.e.</u>, September 21, 2002), the date on which plaintiff filed
her complaint with the Pennsylvania Human Relations Commission.

---

[3]    The discussion above regarding the sufficiency of
plaintiff's complaint under Title IX applies with
equal force to defendants' assertions that
plaintiff's PHRA claim fails to adequately allege
pervasive and regular conduct.

10

Plaintiff alleges that the discrimination against her continued well into the 180 day period prior to the filing of her PHRA complaint.  We find that defendants are unable to successfully assert a statute of limitations defense at this point in the litigation.

The affirmative defense of the statute of limitations can be successfully asserted in a motion to dismiss only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  <u>Robinson v. Johnson</u>, 313 F.3d 128, 135 (3d Cir. 2002) (citing <u>Hanna v. U.S. Veterans' Admin. Hosp.</u>, 514 F.2d 1092, 1094 (3d Cir. 1975)).  The time bar must be apparent on the face of the complaint.  <u>Id</u>.  Defendants are unable to meet this standard.  The complaint does not allege a date by which Mr. Turner's harassment stopped.  Although plaintiff refers in her brief to refusing to make herself available to Mr. Turner for continued harassment after November of 2002, harassment in November of 2002 would fall within the statute of limitations. There are factual questions, not answered on the face of the complaint, as to when the alleged harassment by Mr. Turner stopped, and under what circumstances.  As such, we cannot rule, at this point in the case, in Mr. Turner's favor on the statute of limitations issue.

11

E.   IUP's Liability - PHRA Claim

Defendant IUP claims that it cannot be held liable under the PHRA pursuant to either a respondeat superior or a constructive notice theory.  However, as defendant's own argument on this issue recognizes, there are significant factual issues that will need to be explored before the court could make a ruling on this issue.  Defendant is free to raise its arguments in a properly supported summary judgment motion at an appropriate time.

Therefore, this 22 day of July 2005, IT IS HEREBY ORDERED that defendants' motion to dismiss [doc. no. 2] is DENIED.

BY THE COURT:

_____, J.

cc:   All Counsel of Record

12